NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

OZELL WILSON,  )
  )
  Appellant,  )
  )
v.  )  Case No. 2D14-1535
  )
STATE OF FLORIDA,  )
  )
  Appellee.  )
_____ )

Opinion filed October 8, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Roger A. Alcott, Judge.

Ozell Wilson, pro se.

SILBERMAN, Judge.

Ozell Wilson appeals the order summarily denying his motion filed under

Florida Rule of Criminal Procedure 3.850.  We reverse the denial of ground two but

affirm the denial of Wilson's remaining claims without comment.

Wilson was charged with attempted burglary of a structure, felony petit

theft, and possession of burglary tools, but the State tried him only on the theft charge,

having nolle prossed the remaining counts.  The jury found Wilson guilty, and the trial

court sentenced him to five years' imprisonment.

In ground two of his rule 3.850 motion, Wilson asserted that trial counsel informed him of an offer from the State of three years' imprisonment in exchange for his entering a plea in the case. He immediately told counsel that he would accept the offer and asked her to schedule a sentencing hearing. But counsel allegedly advised him to reject the offer because the State's case consisted primarily of Wilson's unrecorded post-Miranda[1] statement to law enforcement, and she was seeking to suppress it. Counsel assured Wilson he would be acquitted at trial. Wilson claimed that in advising him to reject the offer, counsel failed to tell him the statutory maximum that he faced if he went to trial and lost.

Wilson further stated in his motion that based on counsel's advice, he rejected the offer, went to trial, and was convicted. He was sentenced to five years' imprisonment. Finally, consistent with the requirements of Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013), he asserted that if counsel had advised him correctly he would have accepted the State's offer, the State would not have withdrawn the offer, the court would have accepted the offer, and his sentence would have been less severe.

In denying ground two, the postconviction court incorrectly found that Wilson did not allege any deficient performance by counsel. Wilson's allegation that counsel failed to inform him of the maximum penalty he faced if he did not prevail at trial is an allegation of deficient performance by counsel. See id.

Accordingly, we reverse the postconviction court's denial of ground two and remand for the court to either attach portions of the record that conclusively refute the claim or hold an evidentiary hearing.

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and SLEET, JJ., Concur.